# EXHIBIT

# "A"

ED

**General Civil and Domestic Relations Case Filing Information Form**

7/31/2018     ☑ Superior or ☐ State Court of _DeKalb_    County 18CV7716

| For Clerk Use Only | |
|---|---|
| Date Filed _____ <br> MM-DD-YYYY | Case Number _18CV7716_ |

**Plaintiff(s)**

Rose-Turner   Nichole   J.
Last     First     Middle I.    Suffix    Prefix

_____
Last     First     Middle I.    Suffix    Prefix

_____
Last     First     Middle I.    Suffix    Prefix

_____
Last     First     Middle I.    Suffix    Prefix

**Defendant(s)**

First Franklin Financial Corp
Last     First     Middle I.    Suffix    Prefix

Select Portfolio Servicing, Inc
Last     First     Middle I.    Suffix    Prefix

Richard B Maner P.C
Last     First     Middle I.    Suffix    Prefix

_____
Last     First     Middle I.    Suffix    Prefix

Plaintiff's Attorney _____ Bar Number _____ Self-Represented ☐

**Check One Case Type in One Box**

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☑ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
Case Number                Case Number

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                   Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

FILED 7/31/2018 3:04 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA
ED

## IN THE SUPERIOR COURT
## OF DEKALB COUNTY
## STATE OF GEORGIA

Nichole Rose

Turner

   Plaintiff.

vs.

First Franklin Financial Corp
subsidary of National City Bank
of Indiana

Bank of America, N.A.

Wells Fargo Bank N.A., As
Trustee, on behalf of the
registered holders of First
Franklin Mortgage Loan Trust,
Mortgage Pass-Through
Certificates, Series 2004-FF8

Select Portfolio

Servicing, Inc

Countrywide Home

Loans, Inc Richard P.

Maner, P.C.

Defendants

Civil Case Number

**18CV7716**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

### COMPLAINT FOR PERMANENT INJUNCTION FOR
CEASE AND DESIST ANY AND ALL FORECLOSURE PROCEEDINGS AND
COLLECTION ACTIVITY, IN ANY AND EVERY, INCLUDING
REPORTING ANY PAYMENT ACTIVITES; AND OTHER EQUITABLE·
RELIEF

COMES NOW, Nichole Rose Turner; plaintiff in the above styled matter and files this

Civil Complaint, Lawsuit and Permanent Injunction for cease and desist any and all

foreclosure proceeding and collection activity, in any and every form, including reporting

any payment activities; and other equitable relief.

### 1.

Only the Superior Courts of Georgia has the right to determine legitimacy of the alleged



foreclosure actions which affects land titles rights and subsequent transfer rights to First Franklin Mortgage Financial Corp per

O.C.G.A. 23-1-1, equity jurisdiction is vested into the superior Courts of the several counties. Thus the right to proceed against the property-rights of the titleholder is challenged, making the venue improper per

O.C.G.A. 9·1 1·12(b)(3).

## 2.

Plaintiff asserts jury demand for the issues raised by this action under the seventh amendment of the United States Constitution that all civil matters exceeding $20.00, and the Georgia Bill of rights to have the right to a trial by jury is inviolate. This court is a court, of limited jurisdiction and cannot provide a jury

trial per O.C.G.A. 15-10-41(a). as an operation of law. Thus, this court is the improper venue per O.C.G.A. 9-11-12(b)(3) to provide equal protection under 1hc law of the Plaintiff full rights.

## 3.

Defendants, in the action, failed to produce an authenticated instrument, contract or rightful possession of

an instrument, which established ownership prior to the foreclosure sale date, or the right to conduct a

non- judicial sale, with verification made against the title holder



4.

First Franklin Mortgage Loan Trust, as a quasi-governmental organization, is not a creditor *per*

Q.C.G.A. 7-6A-2(6). and as such had no stand to initiate a foreclosure proceeding or actually

foreclosure on Plaintiff's property. Thus, without verification, the Defendants failed to state a claim

upon which relief can be grant and failed to join parties, under O.C.G.A. 9-11-9 and O.C.G.A. 9-11-17(a).

The Georgia Statute O.C.G.A, 9-2-20 which states.

> *" (a) As a general rule and action on a contract whether the contract is expressed implied by parole, under seal, or of record, shall be brought in the name of the party in whom the legal interest in the contract is vested, and against the party who made it in person by agent."*

6.

Plaintiff's actions or inactions has not caused, harm or injury to the defendants.

In the absence of proof of evidence of harm, this court or a competent court, by

way of a trial, must find legal grounds to grant relief to the Plaintiff.

## COMPLAINT

COME NOW, Nichole Rose Turner "Plaintiff" by and though undersigned

counsel stating the following:

### Facts

7.

Plaintiff alleges and incorporates paragraphs 1-6 fully stated herein.

8.

Plaintiff agrees to make monthly payments to First Franklin Mortgage Loan Trust



9.

Per the promissory note of First Franklin Mortgage Loan Trust Note Holder agreed notify

the Plaintiff prior to the date of change in monthly payments

10.

First Franklin Mortgage Loan Trust did not assign the right to receive payment under

the promissory note.

11.

First Franklin Mortgage Loan Trust never claimed that the Plaintiff did not make payment under the

promissory note

12.

Plaintiff execute a Security Deed granting Mortgage Electronic Registration Systems Inc. "MERS", solely as nominee for First Franklin

Mortgage Loan Trust and Lender successors and assigns the power of sale of 3715

Wolverton circle, Lithonia., Georgia 30038; if the Plaintiff did not meet her ligations contained in

her promissory note

13.

Security Deed did not entitle MERS or any other entity the right to receive

payment pursuant to the Plaintiff's promissory note.

14.

Paragraph 18 of security deed as a deed passing title not as a mortgage

15.

Pplaintiff executed a security deed granting MERS solely as nominee for First

Franklin Mortgage Loan Trust and Lender's successors and assigns the power of sale

of 3715 Wolverton Circle, Lithonia, Georgia, 30038; if the Plaintiff did not meet her

obligations contained in her promissory note

16.



Paragraph 26 of the security deed defines security deed as a deed passing title, not as a mortgage

17.

The non-uniform covenants in security deed 1 and security deed 2 are materially different 18.

Plaintiff made payments pursuant to the terms of the promissory note

Count I
Set Aside Foreclosure Proceeding

19.

Plaintiff alleges and incorporates paragraphs 1-18 as if fully stated herein

20.

Plaintiff signed a promissory note, with First Franklin Mortgage Loan Trust which secured the

mortgage

21.

First Franklin Mortgage Loan Trust never assigned the note or the right to receive payment under the note to any other entity or individual.

22.

Plaintiff made or attempted to make all payment under the promissory note

23.

The assignment of the Security Deed did not grant First Franklin Mortgage Loan Trust the right to receive payment(s) under the promissory note.

24.

First Franklin Mortgage Loan Trust did not advise Bank of America that Plaintiff failed to make payment under the note



25.

First Franklin have no right to initiate a foreclosure sale pursuant to OCGA 44-16-162 et seq

WHEREFORE, the Plaintiff request this court to set aside the foreclosure proceedings, order that the Plaintiff retain possession of the premise adverse to the Plaintiff, award the Plaintiff attorney fees and costs, and for such other and further relief the Court deems just and proper

Count II

Wrongful Foreclosure

Proceeding

26.

Plaintiff alleges and incorporates paragraphs 1-25 as if fully stated herein

27.

First Franklin Mortgage Loan Trust owed a duty to the Plaintiff to act in good faith in exercising a power of sale and attempting to foreclose on Plaintiff Property pursuant to O.C.G.A, §23-2-1 14

28.

First Franklin Mortgage Loan Trust breached and violated this duty to the Plaintiff by denying

Plaintiffs rights her mortgage



29.

First Franklin Mortgage Loan Trust acted in bad faith in foreclosing

on Plaintiff property

30.

Security Deed is the warranty deed that was assigned to First Franklin Mortgage Loan

Trust which contained the power of foreclosure.

31.

Defendants failed to give Plaintiff notice pursuant to paragraph 22 of Security

Deed

32.

Defendant failed to give the Plaintiff time to cure any alleged default pursuant to

paragraph 22 of Security Deed

33.

Defendants failed to inform Plaintiff of her to 10 reinstate or the right to bring

a court action pursuant to paragraph 22 of the Security Deed

34.

Defendants falsely advertised the sale of certain real property 3715 Wolverton Circle,

Lithonia. Georgia 30038 property.

35.

Defendants failed to advertise the sale of the property for four consecutive weeks

pursuant to O.C.G.A. § 44-14-162 et seq

36.

Defendants actions shows a willful misconduct, malice, fraud, wantonness, oppression

or the entire want of care as to raise the presumption of a conscious indifference to

consequences and a specific intent of cause harm



WHEREFORE, the Plaintiff request this Court to set aside the foreclosure proceeding order that the Plaintiff retain possession of the premises, bar and forever stop the Defendants from having or claiming any right or title to the premises adverse to the Plaintiff. award the Plaintiff's attorney fees and costs, and for such other and further relief the Court deems just and proper.

Count III

Breach of Covenant or

Agreement

37.

Plaintiff alleges and incorporates paragraphs 1-36 as if fully state herein

38.

Plaintiff executed the Security Deed

39.

First Franklin Mortgage Loan Trust Security failed to honor the terms of

the Security Deed

40.

First Franklin Mortgage Loan Trust action failed to reflect fair dealing

41.

First Franklin Mortgage Loan Trust breached the terms of the Security Deed by

failing to accelerate pursuant to paragraph 22 of the non-uniform covenant

42.

As a proximate result of the Defendants breach the Plaintiff's property was

unlawfully foreclosure proceeding



43.

As a result proximate of the Defendant's breach the Plaintiff is in the process of
being foreclosed upon

44.

As a proximate result of the Defendant's breach the Plaintiff has suffered

unnecessary trouble and expense.

WHEREFORE, Plaintiff demand judgment against the Defendants in the sum of

25,000 interest and cost and for such other and further relief the Court deems just

and proper.

## Count IV

### Negligent Servicing

45.

Plaintiff alleges and incorporates paragraph 1-44 as if fully stated
herein

46.

First Franklin Mortgage Loan Trust owed a duty to Plaintiff to avoid unreasonable
risks of harm arising out of ordinary care to comply with standard, professional, and
responsible practices relating to mortgage lending and servicing.

47.

First Franklin Mortgage Loan Trust negligently serviced the subject loan in breach
of its duty to the
Plaintiff to maintain proper and accurate loan records and to discharge and fulfill
the other incidents attendant to the maintenance, accounting and servicing of loan
records in a non-negligent manner.



48.

First Franklin Mortgage Loan Trust action caused injury to the Plaintiff.

49.

Plaintiff suffered damage proximately caused by First Franklin Mortgage Loan Trust breach of its duty to Plaintiff

50.

First Franklin Mortgage Loan Trust actions were undertaken in bad faith, have been stubbornly litigious, and have caused Plaintiff's unnecessary trouble and expenses.

51.

First Franklin Mortgage actions showed such willful misconduct, malice, fraud, wantonness, oppression, or the entire want of care as to raise the presumption of a conscious indifference to consequences and a specific intent to cause harm

WHEREFORE, Plaintiff judgement against Defendants in the sum of $ 25,000.00 interest and cost and for such other and further relief Court deems just and proper.



Count V
Fraud: Misrepresentation Pursuant to O.C.G.A. 23-2-52

52.

Plaintiff alleges and incorporates paragraphs 1-51 as if
fully stated herein

53.

First Franklin Mortgage misrepresentative to plaintiff that they would not foreclose
on their
property during the time they were being

considered for a modification

54.

Plaintiff reasonably relied upon the Defendant's representations that they would not

foreclose while they are being considered for a modification

55.

First Franklin Mortgage Loan Trust never communicated with Bank of America N.A.

56.

First Franklin Mortgage knew Plaintiff's rights to reinstate after acceleration due
to a default

57.

Defendants manipulated Plaintiff into believing that they were being considered for

a modification of their mortgage up to and through the time First Franklin

Mortgage attempting to foreclose upon Plaintiff's property

58.

Defendants were successful in depriving Plaintiff of her right to reinstate

59.

Defendants continue to refuse to allow Plaintiff to reinstate their mortgage

60.

Defendants goal was to deprive the plaintiff of equity in her home by wrongfully
foreclosure proceeding



61.

Defendants knew that Plaintiff would rely in Defendants' misrepresentations
that Plaintiff's loan were being considered for a modification and

that Defendants would not foreclose upon Plaintiff's property

62.

Defendants knew that the Plaintiff relied upon Defendants' misrepresentation

that no foreclosure proceeding would be conducted on Plaintiff's property

63.

Defendants intended to induce Plaintiff to rely on Defendants' misrepresentation

64.

Plaintiff relied on Defendants' misrepresentation to their
detriment

65.

Plaintiff reliance on such promises by Defendants led to their
detriment

66.

Defendants acted willfully to deceive the Plaintiff.

67.

Defendants acted recklessly in dealing with the
Plaintiff

68.

Defendants' action caused injury to the

Plaintiff

69.

Plaintiff suffered damages proximate caused by Defendants' misrepresentations
to Plaintiff



70.

Defendants' action were undertaken in bad faith have been stubbornly litigious and have caused Plaintiff unnecessary trouble and expenses

71.

Defendants' actions showed such willful misconduct, malice, fraud, wantonness, oppression, or the entire want of care as to raise the presumption of a conscious indifference to consequences and a specific intent to cause harm

Count VI

Violation of O.C.G.A. 11-9-210, Deceptive Conveyance

and Tort Claims

72.

Richard B. Maner, seasoned foreclosure attorney firm that operates, principally out of Atlanta. Georgia; Georgia registered corporation located at 5775 Glenridge Drive, Atlanta, Georgia 30328

73.

Richard B. Maner acts in the capacity as the registered agent for Richard B. Maner, P.C. and appears to head up the foreclosure department for the law firm



74.

First Franklin Mortgage herein referred to Bank of America N.A., Wells Fargo Bank

N.A. as trustee, on behalf of the registered holders of First Franklin Mortgage Loan

Trust, Mortgage Pass-Through Certificates, Series 2004-FF8, Countrywide Home

Loans, Select Portfolio Servicing, and Mortgage Electronic Registration Systems

Inc. herein referred to as MERS has assigned the law firm to Richard B. Maner, P.C.

to be their third party debt collector under evidence by the written letter received by

the Plaintiff.

75.

Plaintiff complied with the request to validate the debt to stop the foreclosure

proceedings for the property located at

3715 Wolverton Circle, Lithonia, Georgia 30038

76.

Plaintiff sent copies by facsimile and certified mail of the Mortgagor's Affidavit of

Revocation of Power of Attorney, which is recorded in Dekalb County Records and

the DVN were delivered to Richard B. Maner, P.C.

77.

Richard B. Maner acknowledged receipt but failed to pull the property from the foreclosure

list and has made multiple attempts to seizure of property by false claims to be the

Attorney-In-Fact for the homeowner. Additionally, the alleged creditors have failed to have

either the Principal, the Note Holder, agents or successor to authenticate the debt and give a true

and exact accounting.

78.



Thus, Defendants collective failures caused the initial in Dekalb County Superior

Court                                         79.

Without full adjudication and matters are currently pending before the court

Richard B. Maner, P.C. has initiated another attempt to sale the property.


80.

The Plaintiff believes that Richard B. Maner on behalf of Select Portfolio Servicing,

Inc acted collectively with the other Defendants the pending action, the alleged

mortgagees and have violated the debt validation procedure and a request of

accounting rights on behalf of the debtor per O.C.G.A 11-9-210 and O.C.G.A

11-9-602.

Thus, it appears that the Defendants have attempted to commit either deceit tort or by

misrepresentation of the material facts.

82.

The Plaintiff cities the Defendants for acting in "bad faith"


Count VII

## FALSE AND MISLEADING REPRESENTATIONS

83.

15 USC § 1692e forbids a debt collector to threaten to take any action that cannot

legally be taken. I have revoked power of attorney that was previously granted to

First Franklin Mortgage Loan Trust. Consequently, First Franklin Mortgage Loan

Trust does not have legal authority to foreclose on 3715 Wolverton Circle, Lithonia,

Georgia 30038. The FDCPA also requires that Richard B. Maner acting on behalf of

Select Portfolio Servicing cease collection activity upon knowledge that First

Franklin Mortgage Loan Trust lacks standing to foreclose.



Count VIII

## UNFAIR PRACTICES

84.

15 USC§ 1692f does not allow Richard B. Maner acting on behalf of Select Portfolio

Servicing, Inc to take any non-judicial action to effect dispossession or disablement of the

property if there is no present right to possession of the property claimed as collateral

though an enforcement of a security interest. As we've previously stated the revocation of

power of attorney effectively ended First Franklin Mortgage Loan Trust power to

foreclose.

## HARASSMENT OF ABUSE

85.

15 USC§ 1692d forbids the advertisement for sale of any debt to coerce payment of

debt. The FDCPA also forbids disclosure of the debt to third parties-legal

publication of a foreclosure sale equal abuse/harassment

## CLAIMS & DAMAGES

86.

Plaintiff asserts claims and damages arising from the above cause of actions

made by the defendant as liable parties either jointly or severally and ask for

relief as follows:

87.

Count I: TORT claim pursuant to of three times the value of property due to



malicious intent to foreclose by fraud, OCGA 51- 5-2. OCGA 51-1-1 and OCGA 51-1-8 et seq. making the joint feasors liable for $2.5 million for actual damage and litigations frivolous inducement of litigation and $1.0 million for compensatory and punitive damages.

88.

Count II. TORT claims for emotional grief and harm $250,000.00.

89.

Count III: TORT claims for defamation of character by false reporting, false billing to credit bureaus, and by falsely reporting legal notices in the newspaper $500,000.00

90.

Plaintiff seeking a total of $2 million plus litigation fees.

91.

I, Nichole Rose Turner in Lawful capacity of the titleholder certify and file under the perjury this Counter Affidavit pursuant to O.C.G.A 44-11-30 and states the following:

92.

Plaintiff claims good faith bona fide legal right of possession to the premises located at

3715 Wolverton Circle, Lithonia Georgia, 30038



93.

Plaintiff claims that was in the hands of First Franklin Mortgage Loan Trust, Wells Fargo

Bank, N.A., as Trustee, on behalf of the registered holders of First Franklin Mortgage Loan

Trust, Mortgage Pass-Through Certificates, Series 2004-FF8, Countrywide Home Loans,

Richard B. Maner, Select Portfolio Servicing Inc, Bank of America N.A., and Mortgage

Electronic Registration Systems Inc. not in good faith claim a right to such possession and

yet refuses to abandon the same.

94.

Plaintiff claims pursuant to O.C.G.A 44-11-30 it shall be the duty of Dekalb County where

the land and tenement is located, upon receiving such affidavit to exhibit such affidavit to the

person or their agents described as being the intruder of such land and /or tenement at the

earliest possible day and to hold off from any attempts to possess unless in person in tenders

to the sheriff a counter affidavit or write of possession stating that she claims in good faith a

legal right to the possession of the land and or tenement.

95.

Plaintiff are in the process of being foreclosed upon as a result of First Franklin Mortgage

Loan Trust, Wells Fargo Bank, N.A., as Trustee, on behalf of the registered holders of First

Franklin Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2004-FF8,

Countrywide Home Loans, Richard B. Maner, Select Portfolio Servicing Inc, Bank of

America N.A., and Mortgage Electronic Registration Systems Inc. wrongful claims of her

property located at 3715 Wolverton Circle, Lithonia, Georgia 30038 and now a jury trial

must determine the truthful outcome.



96.

Plaintiff states that First Franklin Mortgage Loan Trust, Wells Fargo Bank, N.A., as Trustee, on behalf of the registered holders of First Franklin Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2004-FF8, Countrywide Home Loans, Richard B. Maner P.C., Select Portfolio Servicing Inc, Bank of America N.A., and Mortgage Electronic Registration Systems Inc. have committed fraud in the inducement fraud in the factum, under federal and state laws being RESPA, TILA, HOEPA, RICO and other violations in the process of attempting to possess said tenement.

97.

Plaintiff deny being indebted to First Franklin Mortgage Loan Trust, Wells Fargo Bank, N.A., as Trustee, on behalf of the registered holders of First Franklin Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2004-FF8, Countrywide Home Loans, Richard B. Maner P.C., Select Portfolio Servicing Inc, Bank of America N.A., and Mortgage Electronic Registration Systems Inc. pursuant to all rights given under O.C.G.A. 9-10-112. Plaintiff hold all public state officials to her constitution rights under the 7th amendment of the U.S. Constitution of a trial by jury on any civil matter exceeding $20.

WHERE FORE. PLATNTIFF PRAYS:

a. The Sheriff serves Bank of America, N.A., Select Portfolio Servicing, First Franklin Mortgage Loan Trust, Wells Fargo Bank, N.A., as Trustee, on behalf of the registered holders of First Franklin Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2004-FF8, Countrywide Home Loans, Richard B. Maner P.C., Mortgage Electronic Registration Systems Inc. with copy of the affidavit/complaint



b.   Plaintiff dwells in peaceful enjoyment of her property at the location supra;

c.   Court conducts a trial on the merits in another county beside Dekalb in

Federal U.S. District Court whereas Superior Court Judge are found

adverse to Plaintiff to do their paramount duty to protect their said

property: I their said properly:

d.   Bank of America, N.A., Select Portfolio Servicing, First Franklin Mortgage

Loan Trust, Wells Fargo Bank, N.A., as Trustee, on behalf of the registered

holders of First Franklin Mortgage Loan Trust, Mortgage Pass-Through

Certificates, Series 2004-FF8, Countrywide Home Loans, Richard B. Maner

P.C., Mortgage Electronic Registration Systems Inc.  shall

Be responsible for any damage to property of the Plaintiff occurring from Bank

of America, N.A., Select Portfolio Servicing, First Franklin Mortgage Loan Trust,

Wells Fargo Bank, N.A., as Trustee, on behalf of the registered holders of First

Franklin Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series

2004-FF8, Countrywide Home Loans, Richard B. Maner P.C., Mortgage

Electronic Registration Systems Inc. attempt at possession.

e.   For other relief a jury trial may deem just and lawful.



98.

## ALLEGATIONS, VIOLATIONS, CLAIMS AND FRAUD

When MERS assigned the note to First Franklin Mortgage Loan Trust, the Note became unsecured and the Security Deed became worthless. The use of MERS to make ownership of the Note and mortgage easier to trace also made the Security Deed unenforceable. First Franklin Mortgage Loan Trust has no interest in the property, because the Security Deed received from MER could not be foreclosed.

The law states the right to foreclose goes away when the promissory note is "'split" from the Security Deed that it is supposed to secure. The Note that Plaintiff received did not mention MERS, so MERS had no right to assign the Note to First Franklin Mortgage Loan Trust. The assignment that MERS made to First Franklin Mortgage Loan Trust conveyed only the Security Deed splitting it from the Note. First Franklin Mortgage Loan Trust is not in possession of the Original Promissory Note which was necessary for a foreclosure. The loan was assigned to Mortgage Electronic Registration Systems (MERS) who does not hold any interest in the loan It has not received any consideration, therefore is not authorized as assignee or beneficiary on this loan. First Franklin Mortgage Loan Trust has yet to prove its interest in the property. When MERS assigned the Note to First Franklin Mortgage Loan Trust, the Note became unsecured and Security Deed became worthless. MERS is name as nominee as beneficiary. MERS is NOT named on the Note. If the Note is split from the security instrument, there is NO enforcement mechanism available under the Security Deed. "Once the Security Deed and Note are split there is NO way to get them back together. In order to prove a claim under the Note or to verify the Debt, First Franklin Mortgage Loan Trust must explain how it acquired any rights under the Note and whether it is acting in its own rights or as an agent for another. The Security Deed did not name First Franklin Mortgage Loan Trust the beneficiary, but instead names "MERS" Mortgage Electronic Registration System solely as nominee. The promissory note does not make refence to MERS. The Note and Security both require payment to be made to the lender not MERS. *A party "must have some actual justiciable interest." 1D They must have recognizable stake. Wahl v Braun, 980 S. W. 2d322 (Mo. App E.D. 1998.*



Lacking standing cannot be waived and may be considered by the court suasponte. *Brock v City of St. Louis, 724 S.W. 2d 721 (Mo. App. E.D. 1987).* If a party seeking relief standing the trial court does not have jurisdiction to grant the request relief. Shannon, 21. S.W. 3d at 842. The loan was assigned to Mortgage Electronic Registration Systems (MERS) who does not hold any interest in the loan. It has not received any consideration, therefore is not authorized as assignee or beneficiary on this loan the record reflects the First Franklin Mortgage Loan Trust. There is NO evidence in the record or the pleading that MERS held the promissory note or that the lender gave MERS the authority to transfer the promissory note. MERS could not transfer the promissory note therefore the language in the assignment of the Security Deed purporting to transfer the promissory note is ineffective. *Black v Adrian, 80S.W. 3d 909, 914-15 (Mo. App. S.D. 2002)* "Assignee of a Security Deed or a promissory note is vested with all interests, rights and powers possessed by the assignor in the mortgage property" MERS never held the promissory note, thus its assignment of the Security Deed to the lender separate from the Note had NO force. *See George, 76 S.W. 2d at 371. St. Louis Mutual Life Ins. Co., 46 S.W. 2d at 170.* First Franklin Mortgage lacked a legally cognized interest in the property and therefore has no standing.

WHEREFORE, the Plaintiff seek compensatory damages in the amount

$50,000.00 punitive

Damages pursuant to O.C.G.A. § 51·12-5-1, attorney fees and cost pursuant to O.C.G.A. § 13-1-11

and§ 13-6-11 and for such other and further relief the

Court deems just   and proper.



## PRAYER FOR RELIEF

WHEREFORE. Plaintiff pray for judgment against Defendants and each of them as follows:

1. General and special damages according to proof under the First, Second, Third and Sixth Causes of Action, in the sums set forth hereinabove;

2. Declaratory relief voiding the notes and mortgages of Plaintiff held or serviced by the defendants

    and temporary, preliminary, and permanent injunctive relief under the First, Second, Fourth,

    Fifth, and Sixth, Causes of Action.

3. Statutory relief according to proof under the Fifth Cause of Action;

4. Restitution according to proof under the Fifth Cause of Action;

5. Temporary, preliminary, and permanent injunctive forfeiture relief under all causes of action;

6. On all causes of action, for costs of suit herein;

7. On all causes of action, for pre- and post-judgement interest;

8. On all causes of action for which attorney's fees may be awarded pursuant to the governing

Contract, by statute or otherwise, reasonable attorney fees: and

9. On all causes of action, for such other and further relied as this Court may deem just and proper so that the Plaintiff shall recover no less than $70,000 in restitution or compensatory damages and so that the Plaintiff shall receive a judicial determination that the mortgage lien alleged to exist against their particular property is null and void *ab initio*

10. Plaintiff's moves that this court by virtue of complaints raised restrain any attempt at a foreclosure sale as improper fraudulent and deceptive pursuant 10 O.C.G.A 11-9-625.

11. That is the court agrees with the preponderance of evidence finds that the alleged recipients of an accounting request has willingly evaded the right of the alleged debtor then secured party must be constrained from collection and sanctioned with fines or as appropriate;

12. Plaintiff move that foreclosure be restrained or set aside and attempt at the sale pursuant O.C.G.A 23-1-12, O.C.G.A 23-2-3 and O.C.G.A 23-1-11 and the Security Deed and Promissory Note are declared void due to the double jeopardy action of the law Firm as an Agent for the Principals.

13. Furthermore Plaintiff seeks for this Court to annual the contracts pursuant to O.C.G.A 23-2-60. "fraud will authorize equity to annual conveyances however solemnly executed"



14. Plaintiff seeks all legal expenses cast upon the defendant

15. Plaintiff seeks to set aside any alleged sale and to sanction fine or bar the firm from future legal activities in the State of Georgia for willful tort.


Nichole Rose
Turner


Nichole Rose Turner
3715 Wolverton Circle
Lithonia, Georgia 30038



Under the Federal Servicer Act, which is a part of the Real Estate Settlement Procedure Act, 12 U.S.C. 2605(e). Specifically, we are questing the following information:

1. A complete and itemized loan history from the date of the loan to the Date or this letter including, but not limited to, all receipts by way of payment of Otherwise and all charges to the loan in whatever form. This history should include the Date of each and every debit and credit to any account related to this loan, and the Nature and purpose of each such debit and credit and the name and address of the payee of any of disbursement related to this account.

2. A complete and item statement of the escrow account of the loan, if any Purpose that are not reflected on the loan history transaction statement provided in Answer to question #1.

3. A complete and itemized statement of the escrow account of the loan, if any, from the date of the loan to the date of this letter, including, but not limited to any receipts for disbursements with respect to real estate property taxes, fire or hazard insurance, flood insurance, mortgage insurance, credit insurance, or any other insurance product.

4. Have you purchase and charged to the account and Vendor's Single Interest Insurance?

5. A complete and itemized statement from the date of the loan to the date of this letter of any forced placed insurance and expenses related thereto, related in any way to this loan.

6. A complete and itemized statement from the date of the loan to the date of this Letter of any suspense account entries and/ or any corporate advance entries related in any way to this loan.

7. A complete and itemized statement from the date of the loan to the date of this letter of any property inspection fees, property preservation fees, broker Opinion fees, appraisal fees, bankruptcy monitoring fees or other similar fees or expenses related in any way to this loan.

8. Identify the provision under the Security Deed and/ or note that authorizes charging each and every such fee against the loan or the debtors.

9. Please attach copies of all property inspection reports and appraisals.

10. A complete and itemized statement of any and all arrears including each month in which the default occurred, and the amount of each monthly default.

11. A complete and itemized statement or any late charges to this loan from the date of this loan to the date of this letter.

12. The current amount needed to pay off the loan in full.

13. A full and complete comprehensible definitional dictionary of all transaction codes and other similar terms used in the statements requested above.



14. A complete and itemized statement of any funds deposited in any suspension account or corporate advance account(s), including but not limited to, the balance in any such account or accounts and the nature, source and date of any and all funds deposited in such account or accounts.

15. A complete and itemized statement from the date of this loan to the date of this letter of amount, payment date, purpose and recipient of all foreclosure expenses, NSF check charges, legal
fees, attorney fees, professional fees, and other expenses and costs that have been charged against or assessed to this loan.

16. The full name, address and phone number of the current holder of this debt, including the name, address, and phone number of any trustee or fiduciary.

17. The name, address, and phone number of any master servicers, servicers, sub-servicers, contingency servicers, back-up servicers, or special servicers for the underlying mortgage debt.

18. The full name, address and phone number of the current owner of this debt. Including the name, address, and phone number or any trustee or fiduciary.

19. Copies of all servicing, master servicing, sub- servicing and contingency servicing, special servicing or back up servicing agreements with respect to this account.

20. All written loss-mitigation rules and work out procedures related to any defaults. Regarding this loan and similar loans.

21. The procedural manual used with respect to the servicing of this loan.

22. A summary of all fixed or standard legal fees approved for any form of legal services rendered in connection with this account.

21. A copy of the transaction history report for the debtors' mortgage loan account with a detailed description of all fee codes.

24. A copy of any trust agreement ever concerning the loan

25. A copy of any pooling agreement ever concerning the loan

26. A copy of any servicing agreement ever concerning the loan

27. A copy of any custodian agreement ever concerning the loan

28. A copy of any agreement concerning any special Purpose Vehicle or special Purpose Entity ("SPE") that ever held the loan.

29. A copy of all records concerning the transfer or assignment of the loan between the date of execution of the Note and mortgage through to the date of your response to this request to produce starting with the first transfer or assignment made by the original lender.



PROVIDE COPIES OF:

1. Any and all certified or un-certified securities, front and back, used for the funding of our account.

2. Any and all "Pool Agreement(s) between First Franklin Mortgage Loan Trust, Bank of America, N.A., Select Portfolio Servicing, Wells Fargo Bank, N.A., as Trustee, on behalf of the registered holders of First Franklin Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2004-FF8, Countrywide Home Loans, Richard B. Maner P.C., Mortgage Electronic Registration Systems Inc., and any government sponsored entity, hereinafter (GSE).

3. Any and all "Deposit Agreement(s) regarding any "Pool Agreement" between First Franklin Mortgage Loan Trust, Bank of America, N.A., Select Portfolio Servicing, Wells Fargo Bank, N.A., as Trustee, on behalf of the registered holders of First Franklin Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2004-FF8, Countrywide Home Loans, Richard B. Maner P.C., Mortgage Electronic Registration Systems Inc., and any GSE.

4. Any and all "Servicing Agreement(s) between First Franklin Mortgage Loan Trust, Bank of America, N.A., Select Portfolio Servicing, Wells Fargo Bank, N.A., as Trustee, on behalf of the registered holders of First Franklin Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2004-FF8, Countrywide Home Loans, Richard B. Maner P.C., Mortgage Electronic Registration Systems Inc., and any GSE.

5. Any and all "Custodial Agreement(s) between First Franklin Mortgage Loan Trust, Bank of America, N.A., Select Portfolio Servicing, Wells Fargo Bank, N.A., as Trustee, on behalf of the registered holders of First Franklin Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2004-FF8, Countrywide Home Loans, Richard B. Maner P.C., Mortgage Electronic Registration Systems Inc., and any GSE.

6. Any and all "Master Purchasing Agreement(s) between First Franklin Mortgage Loan Trust, Bank of America, N.A., Select Portfolio Servicing, Wells Fargo Bank, N.A., as Trustee, on behalf of the registered holders of First Franklin Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2004-FF8, Countrywide Home Loans, Richard B. Maner P.C., Mortgage Electronic Registration Systems Inc., and any GSE.

7. Security Deed / Security Agreement First Franklin Mortgage Loan Trust, Bank of America, N.A., Select Portfolio Servicing, Wells Fargo Bank, N.A., as Trustee, on behalf of the registered holders of First Franklin Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2004-FF8, Countrywide Home Loans, Richard B. Maner P.C., Mortgage Electronic Registration Systems Inc., and any GSE.

8. Any and all "Commitment to Guarantee" agreement(s) between First Franklin Mortgage Loan Trust, Bank of America, N.A., Select Portfolio Servicing, Wells Fargo Bank, N.A., as Trustee, on behalf of the registered holders of First Franklin Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2004-FF8, Countrywide Home Loans, Richard B. Maner P.C., Mortgage Electronic Registration Systems Inc., and any GSE.

9. Any and all "Release of Document" Agreement(s) between First Franklin Mortgage Loan



Trust, Bank of America, N.A., Select Portfolio Servicing, Wells Fargo Bank, N.A., as Trustee, on behalf of the registered holders of First Franklin Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2004-FF8, Countrywide Home Loans, Richard B. Maner P.C., Mortgage Electronic Registration Systems Inc., and any GSE.

10. Any and all "Master Agreement(s) for Servicers Principal and Interest Custodial Account" between First Franklin Mortgage Loan Trust, Bank of America, N.A., Select Portfolio Servicing, Wells Fargo Bank, N.A., as Trustee, on behalf of the registered holders of First Franklin Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2004-FF8, Countrywide Home Loans, Richard B. Maner P.C., Mortgage Electronic Registration Systems Inc., and any GSE.

11. Any and all "Servicers Escrow Custodial Account" between First Franklin Mortgage Loan Trust, Bank of America, N.A., Select Portfolio Servicing, Wells Fargo Bank, N.A., as Trustee, on behalf of the registered holders of First Franklin Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2004-FF8, Countrywide Home Loans, Richard B. Maner P.C., Mortgage Electronic Registration Systems Inc., and any GSE.



12. Any and all "Release of Interest" agreement(s) between First Franklin Mortgage Loan Trust, Bank of America, N.A., Select Portfolio Servicing, Wells Fargo Bank, N.A., as Trustee, on behalf of the registered holders of First Franklin Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2004-FF8, Countrywide Home Loans, Richard B. Maner P.C., Mortgage Electronic Registration Systems Inc., and any GSE.

13. Please send to Nichole Rose Turner a copy of any ans all document(s) establishing any Grantor for this Title and note.

14. All assignments, transfers, allowances, or other documents evidencing a transfer, sale, or assignment of    this loan, monetary instrument or other documents that secure payment by me to this obligation in this account from the inception of this account to the present date.

15. The front and back of each and every canceled check, money order, draft, debit or credit notice issued to any Servicers of this account for payment of any monthly payment, other payment, late charge, fee or expense on this account.

16. The front and back of every canceled check, draft, or debit notice issued for payment of closing costs, fees and expenses listed on any and all disclosure statement(s) including but not limited to appraisal fees, etc.

17. Front and back copies of all payment receipts, checks, money orders, drafts, automatic debits and written evidence of payments made by others or me on this account.

18. All letters, statements and documents sent to me by First Franklin Mortgage Loan Trust, Bank of America, N.A., Select Portfolio Servicing, Wells Fargo Bank, N.A., as Trustee, on behalf of the registered holders of First Franklin Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2004-FF8, Countrywide Home Loans, Richard B. Maner P.C., Mortgage Electronic Registration Systems Inc.

19. All letters, statements and documents sent to me by your agents, attorneys and or representatives of you company.

20. All agreements, contracts and understandings with vendors that have been paid for any charge on this account from the inception of this account to the present date.

21. All account servicing records, payment payoffs, payoff calculation, payment records, transaction history, account history, accounting records, ledgers and documents that relate to the accounting of this account from its inception of this account until present date.

22. All account servicing transaction records, ledgers, registers and similar items detailing how this account has been serviced from the date of inception of this account until present date.

23. 23.Who loaned the money for this loan, or was it funded by my own pass-through account known as my Social Security Number (Federal Reserve Account)



Respectfully Submitted

Nichole Rose Turner

Nichole Rose Turner
3715 Wolverton Circle,
Lithonia Georgia
30038



## PARTIES

I, Nichole Rose Turner are an ordinary citizen, trying to accomplish the American dream of home ownership. Nichole Rose Turner reside 3715 Wolverton Circle, Lithonia. Georgia 30038. At all times relevant to this Complaint, First Franklin Mortgage Loan Trust, Bank of America, N.A., Select Portfolio Servicing, Wells Fargo Bank, N.A., as Trustee, on behalf of the registered holders of First Franklin Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2004-FF8, Countrywide Home Loans, Richard B. Maner P.C., Mortgage Electronic Registration Systems Inc. have operated a business in the United States.

Wells Fargo
Bank
Minnesota
National
Association as
Trustee First
Franklin
Mortgage Loan
Trust,
Mortgage Pass
Through
Certificates,
Series 2004-
FF8

Select Portfolio
Servicing
3217 South
Decker Lake
Drive
West Valley
City, UT 84119

Bank of
America
N.A, 7105
Corporate
Drive
Plano, Texas 75024

Richard B.
Maner, P.C.
5775 Glenridge
Drive
Atlanta, GA
30328

Countrywide
Home Loans
4500 Park
Granada
Calabasas, CA
91302

First Franklin
Financial Corp
subsidiary of
National City
Bank of
Indiana
112 Town Park
Drive
 Suite G150
Kennesaw, GA
30144

Nichole Rose Turner

Nichole Rose Turner
3715 Wolverton Circle
Lithonia, Georgia 30038



IN THE SUPERIOR
COURT OF DEKALB
COUNTY STATE OF
GEORGIA

Nichole Rose Turner

Plaintiff

Vs

Bank of America, N.A.
Richard B. Maner, P.C.
Wells Fargo Bank, N.A., as trustee
On behalf of registered holders of First Franklin
Mortgage Loan Trust, Mortgage Pass Through
Certificates, Series 2004-FF8
Select Portfolio Servicing, Inc.
Countrywide Home Loans
First Franklin Mortgage Loan Trust

Defendants.

MOTION FOR TEMPORARY RESTRAINING ORDER AND /OR PRELIMINARY

INJUNCTION COME NOW. Plaintiff. Nichole Rose Turner files Petition for

Temporary Restraining Order and / or Preliminary Injunction pursuant to Uniform

Superior Court Rules 6.7, and O.C.G.A. 9-11-65(b) against the listed Defendants

PARTIES TO THE ACTION

1. Plaintiff at all times relevant has resided at 3715 Wolverton Circle,
   Lithonia, Georgia 30038

2. First Franklin Mortgage Loan Trust was served with Motion, through the
   attorneys pursuing

   foreclosing proceeding Richard B. Maner, P.C., 5775 Glenridge Drive, Atlanta,
   Georgia

   30328; and by sending copy directly to First Franklin Mortgage Loan Trust,

   112 Townpark Drive Suite G150, Kennesaw, Georgia 30144.

1. One of the people of Georgia, the Sovereign spoken of in YickWo vs.
   Hopkins 118 U.S. 356 (1886)

2. U.S.C.R Rule 6.7: "…judge may shorten or waive the time requirement
   applicable to emergency motions… The motion shall set forth in detail
   the necessity for such expedited procedure."



3. Referred to hereinafter as "First Franklin Mortgage Loan Trust"
Plaintiff is unsure whether First Franklin Mortgage, or other entity is holder
of the note, as First Franklin Mortgage failed to properly disclose the
   information upon request through qualified written request.

## BRIEF BACKGROUD

3. Plaintiff executed a Security Deed for the property 3715 Wolverton Circle,
   Lithonia.

   Georgia 30038 in favor of First Franklin Mortgage Loan Trust

   4. At all times since recordation the Plaintiff's Deed, to the best of the Plaintiff's

   knowledge   the Plaintiff's contact and belief, the loan had continually been

   with First Franklin mortgage; information has remained the same.

5. Plaintiff have been denied actual knowledge in violation of state, federal statues

   and FDCPA and RESPA, of the holder of the note at present, and failure to disclose

   to Plaintiff whether or not First Franklin Mortgage Loan Trust transferred the note

   to a "party unknown" different division within First Franklin Mortgage Loan Trust.

6. Defendants knowingly, willingly, and wantonly acted in bad faith and blatant

   disregard of Plaintiff's property Rights, Federal Law and Georgia Statutes in an

   attempt to perpetrate a fraud and wrongfully foreclosed upon subject real property.



8. Defendants executed a Notice of Default and Notice of Sale under Power, without providing Plaintiff proper Notice as required by Georgia Law.

9. To the best of the Plaintiff knowledge and belief and from what they learned from Dekalb county; the Security Deed recorded is the most current Deed of record for the subject residential properties.

10. Without notifying the Plaintiff the required thirty (30) days prior to the Defendants began pursuing foreclosure of Plaintiff property.

11. Defendants foreclosure proceeding upon the subject property violates O.C.G.A. §44-14-162(b)

12. Notice requirements of O.C.G.A. § 44-14-162 were changed from 15 days to 30 days when Governor Perdue signed into law Senate Bill 531.

13. The date of sale was set without intervention from this Court

14. Defendants actions violated Plaintiff rights to make request under The Fair Debt Collection Practices Act.

15. These Defendants knowingly, willingly. wantonly, fraudulently and illegally continue to pursue the Sale under Power in direct violation of the Fair Debt Collection Practices Act § 809(b):

The fair Debt Collection Practice Act., § 809(b)

(b). "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt or any disputed portion thereof until the debt collector obtains verification of the debt or any copy of a judgement or the name and address of the original creditor and a copy of such verification of judgement or name and address of the original creditor is mailed to the consumer by the debt collector."

16. Defendants knowingly willingly, wantonly, fraudulently, and illegally continued to pursue the Sale under Power in direct violation of the Real



Estate Settlement Procedure Act.

17. Although request for information has been repeatedly made, Plaintiff was never supplied with proper evidence that First Franklin Mortgage Loan Trust was still in fact the legal holder of the mortgage.

18. There has been no further mortgage, security deed, assignment, lien contract transfers or conveyance recorded for the subject property to the Plaintiff's knowledge.

19. Defendants' foreclosure upon the subject residential property violated

O.C.G.A. 44-14-162(b)

"The Security instrument or assignment thereof vesting the secured creditor with little to the security
Instrument shall be filed prior to the time of sale in the office of the clerk of the superior court of the
County in which the real property is located."

20. The Plaintiff knowledge and belief, there is no Note on the Official Record to secure the above reference Security Deed.

21. To date, Defendants knowingly, willingly and wantonly failed to adhere to the mandate of Federal and State law which would have properly alerted Plaintiff to request First Franklin Mortgage to produce the original promissory note.

22. Allowing the Sale under Power to be completed exposed Plaintiff to potentially ruinous financial liability also was a direct violation of The Due Process Clause and numerous Constitutional guarantees concerning property.


## MEMORANDUM OF LAW IN SUPPORT OF TRO AND/ OR PRELIMINARY INJUNCTION

23. Plaintiff Nichole Rose Turner incorporates fully and by this specific reference the statements in paragraphs



1 through 22 of this Motion/Complaint as stated fully herein.
"A motion for interlocutory injunction or a TRO is an extraordinary
motion, which is time sensitive; unlike
other motions because it seeks to preserve the status quo until a full
hearing can be held to avoid irreparable harm." Focus Entertainment
International, Inc v. Partridge Greene, Inc. (253 Ga. App. 121)(558 SE2d
440) (2001)

24. The Focus Court went on to explain that foreclosure is on such instance

which "injunction is appropriate" because "when an interest in land is

threatened with harm", "such harm is deemed to be irreparable to the

unique character of the property interest, i.e. money. damages are not

adequate compensation to protect the interest harmed." See the following:

> "(a) Land. under Georgia law is deemed sufficiently unique that it is
> entitled to equitable remedies to protect such interest in land. Rife v.
> Corbett, 264 Ga. 871 (455 SE2d S81) (1995) (injunction to protect an
> easement); Benton v. Patel, 257 Ga. 669. 672 (1) 362 SE2d 217) (1987)
> injunction to stop foreclosure); Black v. American Vending Co., 239 Ga.
> 632, 634 (2) (238 SE2d 420) (1977) ("the law regards as sufficiently
> unique that equity will enforce a contract for land sale or lease"); Clarke v
> Cagle, 141 Ca. 703. 705- 706 (1) (82 SE 21) (1914) (specific
> performance of contract to sell land). Therefore, when an interest in
> land is threatened with harm, equitable injunctive relief is appropriate
> because such harm is deemed to be irreparable to the unique
> character of the property interest, i.e., money damages are not
> adequate compensation to protect the interest harmed. See generally
> Central of Ga. R. Co. v. Americus Constr. Co., 133 Ga. 392, 398 (6S
> SE 855) (1909) (irreparable injury defined to enjoin a nuisance); see
> also Roth v. Conner, 235 Ga. App. 866. 868-869 (I) (510 SE2d 55O)
> (1998) (property interests of grantor and others in restrictive
> covenants of their benefits)."

25. Plaintiff made a showing that without an Order granting a Temporary

Restraining Order or Preliminary Injunction, Plaintiff will be irreparably

harmed. Further, Plaintiff Petition is Verified, Plaintiff have shown the court

that had she properly, legally Noticed before foreclosure action began, she

would have taken proper steps to prevent such actions.

Plaintiff have further shown the Court that they Md been pursuing

information on their Mortgage from the Defendants

26. First Franklin Mortgage Loan Trust had shown a practice or pattern



of refusing to produce the necessary documents requested in

violation of RESPA 2605(e)

27. In times such as now, with mortgage fraud at the highest level in history, there has to be some evidence verifying that loan presented to you when requested. Plaintiff denied their Rights to notify "the debt collector in writing within the thirty day period describes in subsection (a) that the debt, or any portion thereof is disputed or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt or any disputed portion thereof until the debt collector obtains verification of the debt or any copy of a judgement or the name and address of the original creditor and a copy of such verification or judgment or name and address of the original creditor, is mailed to the consumer by the debt collector." O.C.G.A. 9-11-65 allows the court to grant such Order without notice to opposition in certain circumstances.

O.C.G.A. §9-11-65

(b)Temporary restraining order; when granted without notice duration; hearing application dissolve or modify. A temporary restraining order may be granted without oral notice to the adverse party or her attorney only if:

(1) It clearly
appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or her attorney can be heard in opposition; and (2) ... certifies to the court, in writing, the efforts, if any, which have been made to give the notice the reasons supporting the party's claim that notice should not be required.

28.Further, because defendants would "have been required to cease all

foreclosure proceedings until such time as the debt was validated; and

Plaintiff are ignorant of the true identity or the actual holder in due course

with First Franklin Mortgage Loan Trust. Therefore, allowing the Sale

under-

Power to be completed exposed Plaintiff too potentially ruinous

financial liability in the event that the actual holder in due course

should one day make a claim upon the Note.

## CONCLUSION AND PRAYER FOR RELIEF

Plaintiff incorporates fully and by this specific reference the statements in paragraph I thorough 29 as if stated fully herein.

Plaintiff in this matter. would have approached the Defendants in the proper manner as required by law in good faith attempt to remedy what could result in the loss of Plaintiff's property through no fault of her own. The Defendants on the other hand refused to adhere to the mandatory state and federal laws that would have allowed the Plaintiff to obtain requested documented evidence of their claims, blatantly showing bad faith and, a healthy lack of respect for the laws of this state.



Plaintiff have shown that Defendants violated Plaintiff's rights under the Fair Debt

Collection Practices Act thereby entitling Plaintiff to all appropriate relief provide for

by Statue.

Plaintiff have shown that Defendants violated Plaintiff rights under RESPA.

Plaintiff regret the emergency nature of this petition and prays the Courts Grant the

following relief:

(a), GRANT a Temporary Restraining Order and/or Preliminary Injunction

preventing the foreclosure of Plaintiff from certain real property 3715

Wolverton Circle, Lithonia. Georgia

30038.

(b).   COMPEL. Production of the Original Promissory Note(s).

(c). COMPEL proof of any assignment, lien, or any other instrument that proves any

claim by any alleged holders in due course.

(d), COMPEL validation of the alleged debt.

(e). COMPEL verification of the loan number and the use of the correct loan number in any

proceeding henceforth.

(I).   COMPEL compliance with O.C.G.A § 44-14-162 (b)

(g).   COMPEL compliance with Plaintiff's continue request for certain documentation

(h).   GRANT Plaintiff any and all other and or further relief allowed by law and/or which the

Court deems just and proper



Respectfully submitted this 31st day of July 2018

_Nichole Rose Turner_

Nichole Rose Turner

Nichole Rose Turner
3715 Wolverton Circle
Lithonia Georgia 30038



## Certificate of Service

I, Nichole Rose Turner, title holder and mortgagor, certify that I have notified all parties a true and correct copy of the attached

VERIFIED EMERGENCY MOTION FOR TEMPORARY

RESTRAINING ORDER AND/ OR PRELIMINARY INJUNCTION first class

pre-paid United State Postal Service, with sufficient postage affixed thereon, to:

Wells Fargo Bank
Minnesota National
Association as Trustee
First Franklin
Mortgage Loan Trust,
Mortgage Pass
Through Certificates,
Series 2004-FF8

Select Portfolio
Servicing
3217 South Decker
Lake Drive
West Valley City, UT
84119

Bank of America
N.A, 7105
Corporate Drive
Plano, Texas 75024

Richard B. Maner,
P.C.
5775 Glenridge Drive
Atlanta, GA 30328

Countrywide Home
Loans
4500 Park Granada
Calabasas, CA 91302

First Franklin
Financial Corp
subsidiary of National
City Bank of Indiana
112 Town Park Drive
Suite G150
Kennesaw, GA 30144



_Nichole Rose Turner_
Nichole Rose Turner

Nichole Rose Turner
3715 Wolverton Circle
Lithonia, Georgia 3003



<u>Certificate of Service</u>

I, Nichole Rose Turner, title holder and mortgagor, certify that I have notified all parties a true and correct

copy of the attached MOTION FOR DECLARATORY RELIEF TO SET ASIDE

FORECLOSURE FOR INJUNCTIVE RELIEF AND PETITION FOR QUIET TITLE first class

Pre-paid United State Postal Service, with sufficient postage affixed thereon, to:

Wells Fargo Bank
Minnesota National
Association as Trustee
First Franklin
Mortgage Loan Trust,
Mortgage Pass
Through Certificates,
Series 2004-FF8

Select Portfolio
Servicing
3217 South Decker
Lake Drive
West Valley City, UT
84119

Bank of America
N.A, 7105
Corporate Drive
Plano, Texas 75024

Richard B. Maner,
P.C.
5775 Glenridge Drive
Atlanta, GA 30328

Countrywide Home
Loans
4500 Park Granada
Calabasas, CA 91302

First Franklin
Financial Corp
subsidiary of National
City Bank of Indiana



112 Town Park Drive
Suite G150
Kennesaw, GA 30144

This 31st day of July 2018

*Nichole Rose Turner*

Nichole Rose Turner

Nichole Rose
Turner
3715 Wolverton
Circle
Lithonia, GA
3003814



IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

Nichole Rose
Turner

Plaintiff

v.

First Franklin
Financial Corp
subsidiary of
National City
Bank of Indiana

Bank of America,
N.A.

Wells Fargo Bank
N.A., As Trustee,
on behalf of the
registered holders
of First Franklin
Mortgage Loan
Trust, Mortgage
Pass-Through
Certificates, Series
2004-FF8

Select Portfolio
Servicing, Inc

Countrywide
Home Loans, Inc

Richard P. Maner,
P.C.

Defendants

## MOTION FOR INJUNCTION RELIEF

COME NOW, Nichole Rose Turner "Plaintiff" by and through undersigned

Counsel moving this court for, an injunction. The following is shown in

support thereof;

1. The Defendants are attempting to wrongfully foreclose on the Plaintiff's property

2   The Plaintiff filed a Petition, to remove Cloud to Title, To Set Aside

Foreclosure Attempt, Wrongful foreclosure Attempt. Breach of Covenant or

Agreement. Negligent Servicing and fraud on the basis that the Defendants are

not the rightful owner of 3715 Wolverton Circle, Lithonia, Georgia 30038

3   The Defendants are wrongfully attempting to foreclose on the Plaintiff 's property

4   Based upon information and belief the Defendants are attempting to sale

the property; 3715 Wolverton Circle, Lithonia Georgia 30038; even

though they are not the rightful owners.

WHEREFORE, the Plaintiff request this court to enter an injunction restraining the

Defendants; and its agents, servants, employees, successors and assigns and all those in

privity with it from selling removing, or modifying the property located at 3715

Wolverton Circle, Lithonia. Georgia 30038; pending the outcome of the above

proceedings; and to provide any other relief this court deems just and proper.



Dated this 31st day of July 2018

Respectfully submitted,

Nichole Rose Turner

Nichole Rose Turner
3715 Wolverton Circle
Lithonia, GA 30038



Certificate of Service

I hereby certify that a true and correct copy of the above and forgoing has been furnished

by U.S. Mail to the following:

Wells Fargo Bank
Minnesota National
Association as Trustee
First Franklin
Mortgage Loan Trust,
Mortgage Pass
Through·Certificates,
Series 2004-FF8

Select Portfolio
Servicing
3217 South Decker
Lake Drive
West Valley City, UT
84119

Bank of America
N.A, 7105
Corporate Drive
Plano, Texas 75024

Richard B. Maner,
P.C.
5775 Glenridge Drive
Atlanta, GA 30328

Countrywide Home
Loans
4500 Park Granada
Calabasas, CA 91302

First Franklin
Financial Corp
subsidiary of National
City Bank of Indiana
112 Town Park Drive
Suite G150
Kennesaw, GA 30144



Nichole Rose Turner

Nichole Rose Turner
3715 Wolverton
Circle Lithonia.
Georgia 30038



## CERTIFICATE Of SERVICE

THE UNDERSIGNED hereby certifies that the forgoing has been served by U.S. Mail

and or email on this 31st day of July 2018 on the following:

Wells Fargo Bank
Minnesota National
Association as Trustee
First Franklin
Mortgage Loan Trust,
Mortgage Pass
Through Certificates,
Series 2004-FF8

Select Portfolio
Servicing
3217 South Decker
Lake Drive
West Valley City, UT
84119

Bank of America
N.A, 7105
Corporate Drive
Plano, Texas 75024

Richard B. Maner,
P.C.
5775 Glenridge Drive
Atlanta, GA 30328

Countrywide Home
Loans
4500 Park Granada
Calabasas, CA 91302



First Franklin
Financial Corp
subsidiary of National
City Bank of Indiana
112 Town Park Drive
 Suite G150
Kennesaw, GA 30144

*Nichole Rose Turner*

Nichole Rose Turner

Nichole Rose
Turner 3715
Wolverton Circle
Lithonia, Georgia
30038

## VERIFICATION
## (AFFIDAVIT)

The undersigned NICHOLE JACQUELLE ROSE appellation does here swear, declare

and affirm that the Affiant executes this Affidavit with sincere intent and competently

states the Matters set forth.  I the undersigned being under oath and declare under penalty

of perjury, that I **do not** have an attorney to represent me in this case.  Also that the

contents are true, correct and not misleading to the best of my knowledge.

NICHOLE JACQUELLE ROSE
PLAINTIFF

Albert L Seaborne Jr
Notary Public
DeKalb County, Georgia



Exhibit A

**VALIDATION REQUEST**                    **CERTIFIED MAIL#**


NICHOLE JACQUELLE ROSE

3715 WOLVERTON CIRCLE

LITHONIA, Ga 30038

June 2, 2018


To: SELECT PORTFOLIO SERVICING  RE:0014452239

P. O. Box, 65250,

Salt Lake City, UT 84165-0250

REQUEST FOR VALIDATION


Dear Sir,

Per our recorded conversation on today I would advise you and the company that you represent, that I am formally requesting validation on the above referenced account you have been employed to collect upon.  Whereas, pursuant to the Fair Debt Collections Practices Act, (FDCPA) Section 809, et seq., you must provide me with strict proof of your said claim with the original documentation of the security instrument (note) showing that your client is the Holder-In-Due-Course, whereby all copies are openly in dispute.  Also please provide me with the original check made payable to the closing attorney.  Thanks in advance for your prompt attention in this matter, for I am



NICHOLE JACQELLE ROSE

Albert L. Seaborne Jr
Notary Public,
DeKalb County, Georgia

b. Obtain information or documents from any government or its agencies, and negotiate, compromise, or settle any matter with such government or agency (including tax matters).

c. Prepare applications, provide information, and perform any other act reasonably requested by any government or its agencies in connection with governmental benefits (including military and social security benefits).

11. Make gifts from my assets to members of my family and to such other persons or charitable organizations with whom I have an established pattern of giving. However, my Agent may not make gifts of my property to the Agent. I appoint, of TOMA LAMAR, 1479 Enchanted Forest Dr. Conley Ga 30288, as my substitute Agent for the sole purpose of making gifts of my property to my Agent, as appropriate.

12. Transfer any of my assets to the trustee of any revocable trust created by me, if such trust is in existence at the time of such transfer.

13. Disclaim any interest which might otherwise be transferred or distributed to me from any other person, estate, trust, or other entity, as may be appropriate.

This Power of Attorney shall be construed broadly as a General Power of Attorney. The listing of specific powers is not intended to limit or restrict the general powers granted in this Power of Attorney in any manner.

Any power or authority granted to my Agent under this document shall be limited to the extent necessary to prevent this Power of Attorney from causing: (i) my income to be taxable to my Agent, (ii) my assets to be subject to a general power of appointment by my Agent, and (iii) my Agent to have any incidents of ownership with respect to any life insurance policies that I may own on the life of my Agent.

My Agent shall not be liable for any loss that results from a judgment error that was made in good faith. However, my Agent shall be liable for willful misconduct or the failure to act in good faith while acting under the authority of this Power of Attorney.

I authorize my Agent to indemnify and hold harmless any third party who accepts and acts under this document.

My Agent shall be entitled to reasonable compensation for any services provided as my Agent. My Agent shall be entitled to reimbursement of all reasonable expenses incurred in connection with this Power of Attorney.

My Agent shall provide an accounting for all funds handled and all acts performed as my Agent, if I so request or if such a request is made by any authorized personal representative or fiduciary acting on my behalf.

This Power of Attorney shall become effective immediately and shall not be affected by my disability or lack of mental competence, except as may be provided otherwise by an applicable state statute. This is a Irrevocable Power of Attorney. This Power of Attorney shall continue effective until my death. This Power of Attorney may be revoked by me at any time by providing written notice to my Agent.

Dated _Aug 21st_ , 2016 at _3715 Wolverton Cir, Lithonia GA 30038_.

YOUR SIGNATURE:

_Nichole Rene Sim_

YOUR PRINTED FULL LEGAL NAME:

NICHOLE ROSE TURNER

_Nichole Rose Turner_

DEED BOOK 27013 Pg 149
Debra DeBerry
Clerk of Superior Court
DeKalb County, Georgia

WITNESS' SIGNATURE:

WITNESS' PRINTED FULL LEGAL NAME:

Degario Turner

WITNESS' SIGNATURE:

WITNESS' PRINTED FULL LEGAL NAME:

LaShaunda Lofton

Acknowledgement:

STATE OF GEORGIA

COUNTY OF DEKALB

The foregoing instrument was acknowledged before me this 21ˢᵗ day of August_____, 20 16

by Nichole Rose Turner [YOUR FULL LEGAL NAME], who is personally known to me or who

has produced Driver License_____ as identification.

Signature of person taking acknowledgment

Albert L Seaborne Jr
Name typed, printed Notary Public
DeKalb County, Georgia

Title or rank

_____
Serial number (if applicable)

This document was prepared by:

Name: _____
Address: _____
_____



Exhibit C

2018119005    DEED BOOK **27013** Pg **150**

Real Estate Transfer Tax $0.00

Filed and Recorded:
**7/9/2018 10:19:30 AM**
Debra DeBerry
Clerk of Superior Court
DeKalb County, Georgia

Return To:

Attn: REAL ESTATE DEPT.

**ROSE TURNER GROUP LLC.**

**103 Hemmingwood Drive**

**DURHAM NC, 27713**

### WARRANTY DEED TO TRUSTEE

      The Grantor(s) NICHOLE JACQUELLE ROSE of the county of Dekalb for and in consideration of ten dollars and other good and valuable considerations in hand paid, conveys , grants, bargains, sells, aliens, remises, release, confirms and warrants under provision of section

      Unto LONDYN R TURNER and ISABELLA M TURNER© , President and Vice President of ROSE TURNER GROUP LLC as Trustee and not personally under the provisions of a trust agreement dated the 21st day August, Two Thousand Sixteen known as 0003715 WOLVERTON CIRCLE DRIVE TRUST, the following described real estate in the county of Dekalb, state of Georgia to wit:

      See Legal Description Scheduled "A" attached.

      Together with all the tenements, here ditamnets and appurtanances thereto, belonging or in anywise appertaining.

      To have and to hold the said premises in fee simple forever, with the appurtanances attached thereto upon the trust and for the uses and purposes herein and in said trust agreement set forth.

Full power and authority granted to said trustee with respect to the aid premises or any part of it, and at any time or times, to contract, sell, grant, options convey with consideration, said property, or any part thereof, amend, change, modify, contract, release, or assign any right, title or interest in any part thereof and in any other way and for such consideration as it would be lawful for any person owning the same to deal the same, whether similar to or different from the ways above specified, at any time or times hereafter.

In no Case shall any party dealing with said trustee in relation to said premises or any part thereof shall be conveyed , contracted to be sold, leased or mortgaged by said trustee, be obliged to see to the application of any purchased money or be obliged to see that the terms of this trust have been complied with, or be obliged to inquire into the necessity or expendiency of any act of said trustee, or be obliged or privileged to inquire into any of the terms of said trust agreement; and every deed, or other instrument executed by said trustee in relation to said real estate shall be conclusive evidence in favor of every person relying upon or claiming under such conveyance, or other instrument, (a) that at the time of delivery thereof, the trust created by this indenture and by said trust agreement was in full force and effect, (b) that such conveyance or other instrument was executed in full accordance of the trust's conditions and limitations contained herein and in said trust agreement or in some amendment thereof and binding upon all beneficiaries thereunder and (c) that said trustee was duly authorized and empowered to sell, contract and execute and deliver every such deed, trust deed, or other instrument.

The interest of each and every beneficiary hereunder and of all person claiming title under them or any of them shall be only in the earnings, avails, and proceeds arising from the sale or other disposition of said real estate, and such interest is hereby declared to be personal property. No Beneficiary hereunder shall have any title or legal or equitable, in or to aid real estimate as such, but only an interest in the earnings, avail, and proceeds thereof as aforesaid.

DEED BOOK 27013 Pg 151

And the grantor hereby convenants with said grantee that the grantor is lawfully seized of said land in fee simple, that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to the said land and will defend the same against the lawful claims of all the world and persons whomsoever; and that said land is free of all encumbrances, except taxes accruing.

In Witness Whereof, the said grantor has hereunto set his/her hand and seals this 21st day of August 2016.

Signed Sealed and Delivered in our presence:

NICHOLE JACQELLE ROSE

Witness

Witness

Witness

State Of Georgia

County Of Dekalb

I hereby certify that on this day, before me an officer duly authorized in the state of aforesaid to take acknowledgements, personally appeared Nichole Jacquelle Rose to me known as the person(s) described in and who executed the forgoing instrument and acknowledged before me that he executed the same.

Witness my hand and official seal in Dekalb County and the State of Georgia last aforesaid this 21st Day of August 2016.

Notary Public

My commission expires 3/18/19

Albert L Seaborne Jr
Notary Public,
DeKalb County, Georgia

DEED BOOK 27013 Pg 152
Debra DeBerry
Clerk of Superior Court
DeKalb County, Georgia

### EXHIBIT "A"

**ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 13 OF THE 15 DISTRICT OF DEKALB COUNTY, GEORGIA, BEING LOT 20, BLOCK D OF BURLINGTON NORTH SUBDIVISION, UNIT II, AS PER PLAT RECORDED IN PLAT BOOK 115, PAGE 79-80, DEKALB COUNTY, GEORGIA RECORDS, WHICH RECORDED PLAT IS HEREBY INCORPORATED BY REFERENCE AND MADE A PART HEREOF FOR A MORE ACCURATE DESCRIPTION.**



Exhibit 13

# IRREVOCABLE POWER OF ATTORNEY

I, **NICHOLE ROSE TURNER**, residing at **3715 WOLVERTON CIRCLE LITHONIA GA 30038**, hereby appoint **LONDYN R TURNER** of **103 HEMMINGWOOD DURHAM NC 27713**, as my Attorney-in-Fact ("Agent").

If my Agent is unable to serve for any reason, I designate **ISABELLA M TURNER**, of **103 HEMMINGWOOD DRIVE DURHAM NC 27713**, as my successor Agent.

I hereby revoke any and all powers of attorney that previously have been signed by me. However, the preceding sentence shall not have the effect of revoking any powers of attorney that are directly related to my health care that previously have been signed by me.

My Agent shall have full power and authority to act on my behalf. This power and authority shall authorize my Agent to manage and conduct all of my affairs and to exercise all of my legal rights and powers, including all rights and powers that I may acquire in the future. My Agent's powers shall include, but not be limited to, the power to:

1. Open, maintain or close bank accounts (including, but not limited to, checking accounts, savings accounts, and certificates of deposit), brokerage accounts, and other similar accounts with financial institutions.

a. Conduct any business with any banking or financial institution with respect to any of my accounts, including, but not limited to, making deposits and withdrawals, obtaining bank statements, passbooks, drafts, money orders, warrants, and certificates or vouchers payable to me by any person, firm, corporation or political entity.

b. Perform any act necessary to deposit, negotiate, sell or transfer any note, security, or draft of the United States of America, including U.S. Treasury Securities.

c. Have access to any safe deposit box that I might own, including its contents.

2. Sell, exchange, buy, invest, or reinvest any assets or property owned by me. Such assets or property may include income producing or non-income producing assets and property.

3. Purchase and/or maintain insurance, including life insurance upon my life or the life of any other appropriate person.

4. Take any and all legal steps necessary to collect any amount or debt owed to me, or to settle any claim, whether made against me or asserted on my behalf against any other person or entity.

5. Enter into binding contracts on my behalf.

6. Exercise all stock rights on my behalf as my proxy, including all rights with respect to stocks, bonds, debentures, or other investments.

7. Maintain and/or operate any business that I may own.

8. Employ professional and business assistance as may be appropriate, including attorneys, accountants, and real estate agents.

9. Sell, convey, lease, mortgage, manage, insure, improve, repair, or perform any other act with respect to any of my property (now owned or later acquired) including, but not limited to, real estate and real estate rights (including the right to remove tenants and to recover possession). This includes the right to sell or encumber any homestead that I now own or may own in the future.

10. Prepare, sign, and file documents with any governmental body or agency, including, but not limited to, authorization to:

a. Prepare, sign and file income and other tax returns with federal, state, local, and other governmental bodies.


2018121000... Filed and Recorded: 7/9/2018 10:19:30 AM Debra DeBerry Clerk of Superior Court DeKalb County, Georgia

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

Nichole Rose-Turner          Case No.: **18CV7716**

_____

_____
               Plaintiff

            VS

First Franklin Financial Corp
Select Portfolio Servicing, Inc
Richard P Maner, P.C
               Defendant

# SUMMONS

## TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said court at https://efilega.tylerhost.net/ofsweb and serve upon the Plaintiff's attorney, whose name, address and email is:

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ___31st___ day of ___July___, 20_18_.

Honorable Debra DeBerry
Clerk of Superior Court

By___/s/ Elizabeth Dagostino___
                Deputy Clerk

E-Filing and E-Service

Pursuant to the Superior Court of DeKalb County's E-File Order, dated December 27, 2016, and available at www.dksuperiorclerk.com/civil, the parties must file all documents electronically through eFileGA unless expressly exempted under the Rule. All orders and notices from the Court will be electronically filed and served through eFileGA. The parties must register for an eFileGA account, link their service contact information with the case and the party represent, and take whatever steps are necessary to ensure that correspondence from eFileGA reaches the parties' inboxes. To access eFileGA, please go to http://www.odysseyefilega.com/

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

Civil Action No. 18 CV 7716

Date Filed 7/31/18

Superior Court ☑
State Court ☐

Georgia, DeKalb County

Nichole Rose-Turner

**Plaintiff**

**Attorney's Address**

Nichole Rose - Turner
3715 Wolverton Cir
Lithonia, GA 30038

**VS.**

Richard B. Maner P.C.
attorney in fact for Select Portfolio
Servicing, Inc

**Defendant**

**Name and Address of Party to be Served**

Richard B. Maner P.C.
5775 Glenridge Dr.
Atlanta, GA 30328

**Garnishee**

---

### MARSHAL/SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

☐ Delivered same into hands of _____ described as follows age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**

Served the defendant _____ a corporation

☐ by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

---

This _____ day of _____, 20_____.

_____
**DEPUTY**

SHERIFF DOCKET _____   PAGE _____

FILED 7/31/2018 3:54 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

ED

## General Civil and Domestic Relations Case Filing Information Form

☎ Superior or ☐ State Court of _Dekalb_ County

| For Clerk Use Only | |
|---|---|
| Date Filed _____ | Case Number 18 CV 7716-7 |
| MM-DD-YYYY | |

**Plaintiff(s)**

_Rose-Turner Nichole_
Last    First    Middle I.    Suffix    Prefix

Last    First    Middle I.    Suffix    Prefix

Last    First    Middle I.    Suffix    Prefix

Last    First    Middle I.    Suffix    Prefix

**Plaintiff's Attorney** _____

**Defendant(s)**

_First Franklin Financial Corp_
Last    First    Middle I.    Suffix    Prefix

_Select Portfolio Servicing, Inc_
Last    First    Middle I.    Suffix    Prefix

_Mauer, Richard B P.C_
Last    First    Middle I.    Suffix    Prefix

_Countrywide Home Loans_
Last    First    Middle I.    Suffix    Prefix

_Bank of America, NA_

_Wells Fargo N.A as trustee for First Franklin Loan Trust Mortgage_

**Bar Number** _____ **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☑ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____      _____
**Case Number**          **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                            **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Version 1.1.18

2018132468    LIEN BOOK **2073** Pg **283**

Filed and Recorded:

**7/31/2018 3:37:35 PM**
Debra DeBerry
Clerk of Superior Court
DeKalb County, Georgia

# NICHOLE ROSE TURNER

## 3715 WOLVERTON CIRCLE LITHONIA, GEORGIA 30038

### JULY 26, 2018 A.D.

| | |
|---|---|
| **STATE OF GEORGIA** | ) |
| | ) |
| **COUNTY OF DEKALB** | ) DEKALB COUNTY SUPERIOR COURT |
| | ) |
| **NICHOLE ROSE TURNER** | ) |
| | ) CIVIL ACTION NO. 18CV7716-7 |
| **PLAINTIFF** | ) |
| | ) |
| VS | ) |
| | ) |
| **FIRST FRANKLIN FINANCIAL** | ) |
| | ) |
| **WELLS FARGO BANK** | ) |
| | ) |
| **BANK OF AMERICA, N.A.** | ) |
| | ) |
| **RICHARD P MANNER LAW** | ) |
| | ) |
| **SELECT PORTFOLIO** | ) |
| | ) |
| **DEFENDANT** | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

CLERK OF SUPERIOR COURT
DEKALB COUNTY GA
2018 JUL 31 PM 3: 20
FILED

## NOTICE OF LIS PENDENS

**LET ALL MEN KNOW BY THESE PRESENT THAT THE PROPERTY AND**

**LANDS KNOWN AS 3715 WOVERTON CIRCLE LITHONIA GA 30038** has

a pending claim against it by the above subscriber as a matter of law.   This Lis Pendens shall

serve as a Notice of pending adverse claim serving as a legal

Impediment and stay against any bonafide purchasers for value at Foreclosure sale

pursuant to 12 USC 3752 (1) cited as section 3752.

Therefore, said claims against the subject property is as a direct result of deprivation of

Rights under Truth in Lending laws along with regulation "Z" violations which affords

Provisions of remedy in these courts of limited jurisdiction, promulgated in the U.S.

Constitution at large as due process when the process is due.

Notwithstanding, attached is a copy of the property description more fully

described and noticed upon the official record department, that said property claim is

compulsory in nature and legal. Thus see attached.

Respectfully submitted, for I am


NICHOLE ROSE TURNER
Plaintiff Under Grace

DEED BOOK 23889 Pg 152
Debra DeBerry
Clerk of Superior Court
DeKalb County, Georgia

## EXHIBIT "A"

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 13 OF THE 15 DISTRICT OF DEKALB COUNTY, GEORGIA, BEING LOT 20, BLOCK D OF BURLINGTON NORTH SUBDIVISION, UNIT II, AS PER PLAT RECORDED IN PLAT BOOK 115, PAGE 79-80, DEKALB COUNTY, GEORGIA RECORDS, WHICH RECORDED PLAT IS HEREBY INCORPORATED BY REFERENCE AND MADE A PART HEREOF FOR A MORE ACCURATE DESCRIPTION.

LIEN BOOK 2073 Pg 285
Debra DeBerry
Clerk of Superior Court
DeKalb County, Georgia

Civil Action No. **18 CV 7716**

Date Filed **7/31/18**

Superior Court ☑
State Court ☐

Georgia, DeKalb County

**Nichole Rose-Turner**

_____
**Plaintiff**

Attorney's Address

**NICHOLE ROSE - TURNER**
**3715 Wolverton Cir**
**Lithonia, GA 30038**

VS.

**Richard B. Maner P.C.**
**attorney in fact for Select Portfolio**
**Servicing, Inc**
**Defendant**

Name and Address of Party to be Served

**Richard B. Maner P.C.**
**5775 Glennridge Dr.**
**Atlanta, GA 30328**

_____
**Garnishee**

## MARSHAL/SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day serve___
a copy of the action___
☐ Delivered same into _____ by leaving
age, about _____ y___
defendant. _____ described as follows
___ches, domiciled at the residence of

### DEKALB COUNTY SHERIFF'S DEPT.

( ) The defendant has moved. No
forwarding address given.

(X) The address for service is in
_Fulton_ County.

( ) Unable to locate address given
in DeKalb County.

( ) Hearing date has expired.

( ) _____

**CORPORATION**
Served the defendan___
☐ by leaving a copy of___ _____ a corporation
in charge of the offi___

**TACK & MAIL**
I have this day serve___
premises designate___ ___ copy of the same to the door of the
Mail, First Class in a___ ___ copy of same in the United States
affixed thereon cont___ ___id summons, with adequate postage
___ted in the summons.

**NON EST**
☐ Diligent search mad___
not to be found in th___

This_____

**DEPUTY**

**SHERIFF DOCKET**